UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

                              Mag. No. 06-mj-00006-JMF-64

v.

PERRY REEVE
_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL**

      The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to Perry Reeve's January 15, 2006, letter to the Court, which the Government interprets as a motion for judgment of acquittal or, in the alternative, for a new trial, and states further as follows:

**BACKGROUND**

      The evidence presented at trial established the following: on September 26, 2005, the defendant participated in a demonstration of over 300 people that culminated on the White House Sidewalk, a park area administered by the National Park Service, located in the 1600 block of Pennsylvania Avenue, NW, Washington, DC, north of the White House complex property.  The demonstrators had applied for and had been issued a permit by the National Park Service for demonstrations on the Ellipse and in Lafayette Park.  The demonstrators specifically did not seek a permit for a demonstration on the White House sidewalk, and no such permit was issued.

      On three occasions, shortly after 1:30 p.m. on September 26, 2005, Captain Smith of the United States Park Police gave audible warnings to demonstrators on the White House sidewalk that they were in violation of the regulations applicable to the area, which do not allow

demonstrations without a permit in that location. The demonstrators were instructed in each of the three warnings to leave the area or be subject to arrest. Despite the warnings, none of the defendants who were tried in this matter left the sidewalk. From approximately 1:40 p.m. forward, members of the Park Police began arresting the defendants who remained on the sidewalk. Each of the defendants were charged with violating 36 C.F.R. § 7.96(g)(2) (Demonstrating Without a Permit).

On December 21, 2005, a bench trial was held in this matter before the Court. During the trial, each of the defendants stipulated as to their identity and the fact that they were among the demonstrators on the White House sidewalk on the date in question. Following the trial, this Court found each of the defendants guilty of Demonstrating Without a Permit in violation of 36 C.F.R. § 7.96(g)(2). Immediately following the trial, the Court sentenced each defendant to pay a $50 fine plus a $25 processing fee.

Defendant now moves for acquittal or, in the alternative, for a new trial, asserting that the Court found him guilty despite (1) her non-receipt of discovery prior to the start of trial; (2) her "first Amendment right to petition and advise my President"; and (3) the alleged fact that "twenty five plus people . . . were in the picture zone before me [who] weren't arrested for blocking the view."

## ARGUMENT

**I.     Defendant's Motion Should Be Denied as Untimely**

Federal Rule of Criminal Procedure 33 proscribes that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty . . . ." F.R.Cr.P. 33. Defendant's January 15, 2006 letter does not

contain any "newly discovered evidence as the basis for the defendant's request for acquittal or, in the alternative, for a new trial. which was filed on January 23, 2006, fails to meet this deadline. As such, it should be denied.

## II.     Defendant's Motion Should Be Denied on the Merits

Defendant's motion should be denied. In ruling on a motion for judgment of acquittal, the court must consider the evidence presented in the light most favorable to the government, and uphold the conviction if the evidence so read is sufficient to permit a rational trier of fact to find all the essential elements of the crime beyond a reasonable doubt. United States v. Kayode, 254 F.3d 204, 212 (D.C. Cir. 2001). Furthermore, while a "court may vacate any judgment and grant a new trial if the interests of justice so requires," Fed. R. Crim. Proc. 33, "[t]he remedy for a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result." United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001) (citations omitted). The trial court may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for a new trial. United States v. Robertson, 110 F.3d 1113, 1117 (5th Cir. 1997). The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. Id. at 1118.

When viewed in the light most favorable to the government, the evidence in this matter, which is summarized above, was more than sufficient to permit the Court to find the defendant guilty of Demonstrating Without a Permit in violation of 36 C.F.R. § 7.96(g)(2). Defendant's assertion that she did not receive discovery pre-trial is unavailing. The government sent

discovery to defendants in this matter who made a request for it.[1]  Undersigned counsel has no record of Ms. Reeve requesting discovery until January 20, 2006 – after the trial had concluded. Ms. Reeve states that she left a message "on a telephone machine" requesting discovery on December 16th.  Other than that telephone message, she never made her need for discovery, or its absence, known to either the government or the Court prior to the start of the trial when the problem could have been easily addressed.  Indeed, undersigned counsel had copies of discovery available at counsel's table prior to the trial for any demonstrator who asked for it.  A number of defendants did walk up and ask for discovery, and it was provided to them.  The defendant's desire for discovery could have been addressed just as easily had she made it known prior to the start of trial.  She did not.  A defendant sitting on her rights does not provide a compelling basis to overturn a conviction.

   Indeed, given the defendant's trial stipulation that she (along with the other defendants) was not contesting her identity nor the fact that she was among the demonstrators on the White House sidewalk on September 26, 2006, it is hard to see how the any of the discovery that would have been provide would have been material to the defendant's case.  All that remained for adjudication at trial (other than the sheer fact that a demonstration took place – a fact that could not be realistically disputed, and which the defendant does not dispute even in her January 15, 2006 letter) was the defendant's First Amendment defense.  Other than to baldly assert that

---

[1] Discovery in these matters consisted of an arrest photo, a copy of the violation notice, a fingerprint card, a PD-163, a United States Park Police Criminal Incident Record, a copy of the defendant's criminal record, a copy of the warnings given by Lt. Smith prior to the demonstrators arrest, and a copy of two DVDs containing video footage of the September 26, 2005 demonstration.

defense again, Ms. Moor's January 15, 2006 letter does not add to the argument made by the defendants at trial. On that score, it also provides no basis for overturning this Court's judgment and conviction.

The defendant's final assertion of error – the alleged fact that "twenty five plus people . . . were in the picture zone before me [who] weren't arrested for blocking the view" – also provides no basis for either acquittal or new trial. As an initial matter, the defendant presented no such evidence at trial, and, other than a conclusory assertion, presents none now. In any event, as Officer Cythnia Barrett testified at trial, while there were a large number of people on the White House sidewalk in the morning of September 26, 2005, they were not demonstrating in a group of 25 or more and remaining stationary on the sidewalk thereby blocking it from use by the public, as the defendants were prior to their arrest. Thus, defendant's attempt to argue, presumably, that she was the subject of unfair or unequal treatment by the Park Police officers in this case is not persuasive.

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court deny the defendant's motion for judgment of acquittal or new trial.

Respectfully submitted,

Kenneth L. Wainstein
UNITED STATES ATTORNEY

_____
G. Michael Harvey
ASSISTANT UNITED STATES ATTORNEY
Bar No.447-465

        Federal Major Crimes Section
        555 4th Street, N.W., Room 4243
        Washington, D.C.  20530
        202/305-2195

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing motion was served by U.S. mail upon the pro se defendant, Perry Reeve, P.O. Box 23154, Ketchikan, Alaska 99901 this 6th day of February, 2006.

        _____
        ASSISTANT UNITED STATES ATTORNEY